UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-111-BO
No. 5:10-CV-78-BO

| | |
|---|---|
| RICARDO ARCE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | O R D E R |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons below, Petitioner's Motion to Vacate is DENIED. Respondent's Motion to Dismiss is GRANTED.

## BACKGROUND

Petitioner, Ricardo Arce was indicted – initially on April 23, 2008 and subsequently on May 28, 2008 – on two counts of money laundering. On July 23, 2008, Petitioner entered into a written plea sgreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss Count Two of the Indictment. This Court held a Rule 11 hearing the same day. On September 30, 2008, Petitioner was sentenced to 140 months in prison. Petitioner filed am appeal, and on September 29, 2009, the U. S. Circuit Court of Appeals for the Fourth Circuit entered its Judgment dismissing Petitioner's appeal.

On March 3, 2010, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence alleging ineffective assistance of counsel.

## DISCUSSION

In order to prevail in a claim for ineffective assistance of counsel, a petitioner must show that his attorney's representation fell below an objective standard of reasonableness and that, but for that deficiency, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). Failure to satisfy either standard is fatal to an ineffective assistance claim and must result in dismissal. *Id.* at 691. Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

In his § 2255 motion, Petitioner claims he was ineffectively assisted by counsel: 1) for not challenging what was "gross error in determining the quantity of money for which her client should have been sentenced"; and 2) "because a conflict of interest existed as per Canon 5 (EC-5-1) of the Code of Prof. Respons. Of the American Bar Association."

The evidence does not support either of Petitioner's contentions. Petitioner's first contention is that his counsel did not challenge the amount of money for which he was held responsible for laundering. First, by Motion to Allow Objection to Pre-Sentence Report on September 24, 2008, counsel made – and the Court subsequently allowed – an objection to the quantity of money and to the resulting base offense level resulting from that quantity of money. DE #'s 33, 34. Second, counsel further objected to the quantity of money and to the resulting base offense at sentencing as displayed in the sentencing transcript to which Petitioner refers.

DE #44. Counsel specifically objected: "So we would contend to you that the base offense level should start at 12 because at the most there is $28,800; not some $3,000,000." *Id.* at 5. Petitioner's attorney reiterated the point to the Court: "So, again, we contend there is no evidence that he has ever laundered $3,000,000 worth of money. At the most, there are two counts in the Indictment. That would take the base offense level to a 12 instead of a 26." *Id.* at 5-6. Counsel's objections make clear that Petitioner was reasonably represented as to the quantity of money for which Petitioner was sentenced. After taking evidence at Petitioner's sentencing hearing and listening to Petitioner's counsel's arguments, the Court found by a preponderance of the evidence that an Offense Level of 33, Category 1 was the appropriate level, with a guideline range of 135-168 months. Accordingly, Petitioner's claim of ineffective assistance is without merit.

Petitioner's second ground challenges his attorneys effectiveness at sentencing as a conflict of interest. Tactical decisions regarding trial strategy are left to the sound judgment of counsel and are entitled to a "strong presumption" of competence. *Strickland v. Washington*, 466 U.S. at 689; *see also Bell v. Cone*, 535 U.S. 685, 698 (2002). In this case, Petitioner's § 2255 motion is devoid of the factual basis that is required to show that counsel's tactics were manifestly unreasonable or that despite some family issues his counsel may have been facing, that he did not effectively advocate on his behalf. Petitioner cannot show how counsel's work, including filing a number of objections to the pre-sentence report and getting him a three level downward adjustment for acceptance of responsibility, fell below an objective standard of reasonableness. Therefore, Petitioner has again failed to meet either prong of *Strickland* and his Motion to Vacate on grounds seven and eight is DENIED.

## CONCLUSION

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Government's Motion to Dismiss is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

SO ORDERED.

This 30 day of June, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE