UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.5:08-CR-111-BO
No.5:10-CV-78-BO

| | |
|---|---|
| RICARD ARCE ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the Court on Petitioner's Motion for Certificate of Appealability. For the reasons set forth below, Petitioner's Motion is DENIED.

## BACKGROUND

Petitioner, Ricardo Arce was indicted -initially on April 23, 2008 and subsequently on May 28,2008 -on two counts of money laundering. On July 23,2008, Petitioner entered into a written plea agreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss Count Two of the Indictment. This Court held a Rule 11 hearing the same day. On September 30, 2008, Petitioner was sentenced to 140 months in prison. Petitioner filed am appeal, and on September 29,2009, the U. S. Circuit Court of Appeals for the Fourth Circuit entered its Judgment dismissing Petitioner's appeal. On March 3,2010, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence alleging ineffective assistance of counsel. This Court entered an Order dismissing Petitioner's Motion to Vacate on July 1, 2010. Petitioner filed the instant Motion for Certificate of Appealability on

September 2, 2010.

## DISCUSSION

Petitioner must satisfy the provisions of 28 U.S.C. § 2253(c) before a Certificate of Appealability will issue. Section 2253 provides that a Certificate of Appealability may issue only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner is not required to show that he would prevail on the merits. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). However, Petitioner must demonstrate that reasonable jurists would find that this Court's "assessment of the constitutional claim was debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a Certificate of Appealability should issue when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Petitioner has not met the requirements for issuance of a Certificate of Appealability. First, Petitioner contends that he is entitled to a Certificate of Appealability because the Court committed a procedural error in granting the Government's Motion to Dismiss Petitioner's § 2255 pursuant to Fed. R. Civ. Pro. 12(b)(6). This argument is entirely without merit. Rule 12 of the Rules governing § 2255 Proceedings in the U.S. District Courts provides that "[t]he Federal Rules of Civil Procedure...to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." In Petitioner's § 2255 Proceeding, this Court granted the government's Motion to Dismiss pursuant to Fed. R.

Civ. Pro. 12(b)(6). There is no indication that Fed. R. Civ. Pro.12(b)(6) is inconsistent with any statutory provision or the Rules Governing § 2255 Proceedings. Therefore, this Court's granting of the Government's motion to dismiss Petitioner's § 2255 motion pursuant to Fed. R. Civ. Pro. 12(b)(6) was entirely proper. Contrary to Petitioner's assertions, jurists of reason would not find it debatable whether the petitioner states a valid claim for the denial of a constitutional right or that the district court was correct in a procedural ruling.

Petitioner also contends that he is entitled to a Certificate of Appealability on the basis of ineffective assistance of counsel. This claim also fails to meet the standard required for a Certificate of Appealability to issue. Petitioner's ineffective assistance of counsel claim regurgitates the same arguments that the Court reviewed and rejected in petitioner's § 2255 motion. Specifically, Petitioner claims that his representation was constitutionally deficient because his counsel did not challenge the amount of money for which Petitioner was held responsible for laundering. As a factual matter, this allegation is simply incorrect.

By Motion to Allow Objection to Pre-Sentence Report on September 24, 2008, Petitioner's counsel made -and the Court subsequently allowed -an objection to the quantity of money and to the resulting base offense level resulting from that quantity of money. (DE 33, 34). Second, Petitioner's counsel further objected to the quantity of money and to the resulting base offense at sentencing as displayed in the sentencing transcript. (DE 44). Counsel specifically objected: "So we would contend to you that the base offense level should start at 12 because at the most there is $28,800; not some $3,000,000." Accordingly, Petitioner's assertions that his counsel was ineffective are entirely without merit. Jurists of reason would not find it debatable whether the petitioner states a valid claim for the denial of a constitutional right.

For the above reasons, Petitioner's Request for a Certificate of Appealability is hereby DENIED.

SO ORDERED.

This the 3 day of October, 2010.

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE